T.C. Memo. 2011-145

UNITED STATES TAX COURT

ESTATE OF MARILYN BLOCK, DECEASED, BRUCE BLOCK, PERSONAL
REPRESENTATIVE, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 11392-09.                     Filed June 27, 2011.

Ronald Cutler, for petitioner.

Miriam C. Dillard, for respondent.

MEMORANDUM OPINION

GOEKE, Judge: Respondent determined a $93,144 deficiency in

Federal income tax against the late Mrs. Block for 2005, plus

additions to tax under sections 6651(a)(1) and (2) and 6654(a).[1]

_____

[1]Section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

The issues for decision are (1) whether $299,907 in gambling winnings, $5,607 in interest income, and $2,000 in "other miscellaneous income" are includable in 2005 taxable income, and (2) whether the additions to tax are applicable.  This case is submitted under Rule 122.

## Background

Some of the facts have been stipulated and are so found.

Mrs. Block was a resident of Florida when she died on December 3, 2006, a date before the filing of the petition on May 12, 2009.  Her surviving spouse, Bruce Block, was appointed personal representative of her estate, and he is also a Florida resident.

Mrs. Block did not file tax returns for 2004 and 2005.  On November 24, 2008, respondent prepared a section 6020(b) substitute for return for 2005, which gave rise to the notice of deficiency.  Respondent used information returns filed by payers as reported under Mrs. Block's Social Security number to determine her income.  It is undisputed that she received the income respondent determined.

The notice of deficiency for 2005 determined a deficiency of $93,144 and additions to tax under sections 6651(a)(1) and (2) and 6654(a) of $20,956.95, $14,902.72, and $3,736.07, respectively.  Mrs. Block's personal representative filed a timely petition, and a hearing was held in Jacksonville, Florida,

on June 3, 2010, at which time respondent orally moved without objection that the case be submitted fully stipulated.

## Discussion

There is no dispute that the burden of proof on the income tax deficiency rests upon the estate of Mrs. Block under Rule 142.  No additional deductions have been established, and the determined deficiency is unchallenged.  The stipulations of fact establish that no return was filed and that one was required.  The stipulations of fact also establish that estimated tax payments were due and that only $2 of tax was paid for the year in issue.  No reasonable cause for failure to pay or file returns is proffered.  Accordingly, the additions to tax are sustained.

To reflect the foregoing,

<u>Decision will be entered for respondent</u>.